UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1•/20/2020

------------------------------------------------------------x

JEFFREY SEIGEL,

    *Plaintiff*,

        -vs-

STRUCTURE TONE ORGANIZATION,
PAVARINI NE CONSTRUCTION CO., MR.
ROBERT YARDIS and MR. MICHAEL
MELANOPHY,

    *Defendants*.

------------------------------------------------------------x

Civil Action No. 7:19-cv-07307-VB

**STIPULATION AND ~~PROPOSED~~
PROTECTIVE ORDER**

    **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

    **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

    1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

    2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

    3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order

constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "HIGHLY CONFIDENTIAL – For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel and attorneys Plaintiff may consult for potential hire;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Before disclosing or displaying the Confidential Information to any person other than those excepted in Paragraph 4, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or

information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.  If a party inadvertently discloses Confidential Information, the party should immediately inform the other parties and take steps necessary to remediate the inadvertent disclosure.

8.  Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) or Personally Sensitive Information ("PSI") (*e.g.*, health and medical records) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII or PSI experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII or PSI from unauthorized disclosure.

9.  A Party that issues a subpoena upon any third party ("Issuing Party") shall include a copy of this protective order and any ESI Protocol agreed and/or entered in this litigation with the subpoena and state that the Parties in this litigation have requested that third parties produce documents in accordance with the specifications set forth herein. If a third-party production is not Bates-stamped or confidentiality-stamped (as applicable), the Issuing Party will endorse the non-Party production with unique Bates prefixes and numbering scheme prior to reproducing

them to all other Parties, including by endorsing a "CONFIDENTIAL" stamp on the documents as appropriate.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. Nothing herein shall limit the parties from discussing the case with any individuals; this agreement is triggered only by the sharing of documents marked "CONFIDENTIAL" pursuant to the forgoing paragraphs.

Dated: October 20, 2020

SO STIPULATED AND AGREED, by:

By: */s/* Rory A. Leraris  
Rory A. Leraris  
Samantha A. Bui  
**CRAVATH, SWAINE & MOORE LLP**  
Worldwide Plaza  
825 Eighth Avenue  
New York, NY 10019  
Telephone: (212) 474-1000  
Facsimile: (212) 474-3700  
rleraris@cravath.com  
sbui@cravath.com

*Attorneys for Plaintiff Jeffrey Seigel*

By: */s/* Michael J. Schewe  
Michael J. Schewe, Esq.  
Kevin J. O'Connor, Esq.  
**PECKAR & ABRAMSON, P.C.**  
1325 Avenue of the Americas, 10th Floor  
New York, NY 10019  
Tel.: (212) 382-0909  
mschewe@pecklaw.com  
koconnor@pecklaw.com

*Attorneys for Defendants Structure Tone Organization, Pavarini NE Construction Co., Mr. Robert Yardis and Mr. Michael Melanophy*

By: */s/* Jeffrey S. Seigel

Jeffrey S. Seigel  
30 Pond Hill Road  
Chappaqua, NY 10510  
Tel: (914) 391-9395  
jeffreyseigel@optonline.net

*Pro Se Plaintiff Jeffrey S. Seigel*

SO ORDERED:

Dated: 10/20/2020  
New York, New York

Hon. Vincent L. Briccetti  
United States District Judge

-5-

## **Exhibit A**

Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____
Name:

Witnessed by attorney/individual:

_____
Name: